HOWARD & HOWARD ATTORNEYS PLLC
Robert Rosenthal, Esq.
Cal. State Bar No.: 173047
3800 Howard Hughes Pkwy., Ste. 1400
Las Vegas, NV 89169
Telephone: (702) 257-1483
Facsimile: (702) 567-1568
E-Mail Address: rlr@h2law.com
*Attorneys for Defendant Bam Brokerage, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IP POWER HOLDINGS LIMITED, a British Virgin Islands Corporation<br><br>Plaintiff,<br><br>vs.<br><br>BAM BROKERAGE, INC., a California Corporation; and DOES 1 through 10, inclusive<br><br>Defendants. | Case No.: SACV11-01234 JVS (ANx)<br><br>**EMERGENCY APPLICATION FOR ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE HELD IN CONTEMPT** |

## I.
## INTRODUCTION

On December 21, 2011, this Court issued a Minute Order staying this case pending the results of a Reexamination of Patent. Despite the Court's Order, Plaintiff proceeded to file a Motion for Preliminary Injunction, which is currently set to be heard on January 23, 2012. Plaintiff has refused to withdraw the Motion even though it has been rendered moot by the stay.

/ / /

/ / /

/ / /

/ / /

In light of the fact that Defendant will be forced to file a Response to Plaintiff's Motion by January 9, 2012 (unless the Court orders otherwise), Defendant respectfully requests that the Court,

1. Issue an Order to Show Cause why Plaintiff should not be held in contempt for filing and refusing to withdraw its frivolous Motion

2. Deny Plaintiff's Motion for Preliminary Injunction as moot; and

3. Award Defendant its attorney's fees for having to file the subject Application.

## II.
## FACTS/PROCEDURAL HISTORY

On November 23, 2011, Defendant filed a Motion to Stay the case case pending the results of a patent reexamination. Plaintiff did not oppose the Motion or file a notice of non-opposition.

On December 21, 2011, the Court issued a Minute Order granting Defendant's Motion to Stay.

On December 22, 2011, Plaintiff filed a Motion for Preliminary Injunction.

On December 29, 2011, Defendant's counsel sent Plaintiff's attorney an e-mail requesting that Plaintiff immediately withdraw the Motion for Preliminary Injunction based on the Court's granting a stay, and attached a copy of the Order to the e-mail. *(See Exhibit A attached to Rosenthal Declaration)*

Plaintiff's attorney failed to respond to Defendant's e-mail. Therefore, on January 3, 2012, Defendant's counsel spoke to Plaintiff's attorney regarding the Motion. During the conversation, Plaintiff's attorney stated that he did not see Defendant's counsel's December 29, 2011 e-mail or the Court's Order staying the case. Defendant's counsel told Plaintiff's attorney that he would re-send the e-mail and the Court's Order, and would call back the following day

in order to discuss the matter further. Shortly thereafter, Defendant's counsel re-sent the December 29, 2011 e-mail.[1] *(See Exhibit B attached to Rosenthal Declaration)*

On January 4, 2012, Defendant's counsel spoke to Plaintiff's attorney and again asked that he withdraw the Motion for Preliminary Injunction. Plaintiff's attorney refused to withdraw the Motion, stating the Motion for Preliminary Injunction was meritorious and that he also intended to file a Motion for Reconsideration. Defendant's counsel responded that even if Plaintiff was going to file a Motion for Reconsideration, procedurally the Motion for Preliminary Injunction still needed to be withdrawn, and that if it was not, Defendant would proceed to file an Application for Order to Show Cause. Plaintiff's attorney reiterated that he would not withdraw the Motion. *(Rosenthal Declaration)*

Plaintiff's Motion for Preliminary Injunction is set to be heard on January 23, 2012.

### III.
### ARGUMENT

A. **AN ORDER TO SHOW CAUSE SHOULD ISSUE FOR PLAINTIFF TO EXPLAIN WHY IT SHOULD NOT BE HELD IN CONTEMPT FOR FILING AND REFUSING TO WITHDRAW ITS MOTION FOR PRELIMINARY INJUNCTION WHEN THE CASE HAS BEEN STAYED.**

The Ninth Circuit has summarized this Circuit's law of contempt in *In re Dual-Deck Video Cassette Recorder Antitrust Litintion*, 10 F.3d 693, 95 (9th Cir. 1993):

> Civil contempt in this context consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply. The contempt need not be willful, and there is no good faith exception to the requirement of obedience to a court order. But a person should not be held in contempt if his action appears to be based on a good faith and

---

[1] Plaintiff's counsel's claim that he did not see Defendant's e-mail or the Court's Order is contradicted by the fact that Defendant's counsel received notice that Plaintiff's attorney did in fact open and see Defendant's e-mail on the same day it was sent at 7:45 p.m. *(See Exhibit C attached to Rosenthal Declaration)*

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Ste. 1400
Las Vegas, NV 89169
(702) 257-1483

reasonable interpretation of the [court's order]. Substantial compliance with the court order is a defense to civil contempt, and is not vitiated by a few technical violations where every reasonable effort has been made to comply.

In the instant action, Plaintiff is refusing to recognize and obey the Court's Order which stayed the case. Instead, Plaintiff is insisting on going forward with its Motion for Preliminary Injunction, even though it has been rendered moot by the Court's Order. Plaintiff's counsel was warned that if the Motion was not withdrawn, Defendant would have no choice but to file an Application for Order to Show Cause. Plaintiff's actions are in bad faith and demand the imposition of contempt sanctions. Furthermore, Defendant should be awarded attorney's fees for having to file the subject Application. *See Perry v. O'Donnell*, 759 F.2d 702, 704 (9th Cir. 1985).

## IV.
## CONCLUSION

Based on the foregoing, the Court should,

1. Issue an Order to Show Cause why Plaintiff should not be held in contempt;

2. Deny Plaintiff's Motion for Preliminary Injunction as moot; and

3. Award Defendant its attorney's fees.

Dated: January 5, 2012                    Howard & Howard Attorneys PLLC


                                          By:/s/ Robert L. Rosenthal
                                          3800 Howard Hughes Parkway
                                          Suite 1400
                                          Las Vegas, Nevada 89169
                                          *Attorneys for Defendant*

## CERTIFICATE OF ELECTRONIC FILING
## AND CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2012, service of the following documents: Emergency Application for Order to Show Cause Why Plaintiff Should Not be Held in Contempt, was made via ECF System to each party addressed as follow:

Reid Eric Dammann, Esq.
Musick, Peeler & Garrett LLP
One Wilshire Blvd., Suite 2000
Los Angeles, CA 90017-3383
r.dammann@mpglaw.com

Executed on January 5, 2012, at Las Vegas, Nevada.

*/s/ Barbara J Dunn*
Barbara J Dunn

Howard & Howard Attorneys PLLC
3800 Howard Hughes Pkwy., Ste. 1400
Las Vegas, NV 89169
(702) 257-1483