**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW
ONE WILSHIRE BOULEVARD, SUITE 2000
LOS ANGELES, CALIFORNIA  90017-3383
TELEPHONE: 213-629-7611
FACSIMILE 213-624-1376

Reid E. Dammann (State Bar No. 249031)
*r.dammann@mpglaw.com*

Attorneys for IP Power Holdings Limited, LTD.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IP Power Holdings Limited, LTD., | CASE No. SACV 11-1234-JVS (JPRx) |
| Plaintiff, | **AMENDED PROTECTIVE ORDER** |
| vs. | |
| BAM Brokerage, Inc. | |
| Defendant. | |

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

# **PROTECTIVE ORDER**

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms of this Order or by further Order of the Court, this Order shall remain in effect both through and after this conclusion of this litigation.

The Plaintiff IP Power Holdings Limited Ltd ("Plaintiff") herein anticipates that documents, testimony, and information containing or reflecting confidential, proprietary, trade secret, or commercially sensitive information are likely to be disclosed in this litigation, and request that the Court enter this Order setting forth the conditions for the disclosures, treatment, and use of such information. Therefore, pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause for and enters this Protective Order ("Order").

## 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the Plaintiff hereby to and petitions the Court to enter the following Protective Order.  The Plaintiff acknowledges that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The Plaintiff further acknowledges, as set forth in Section 10, below, that this Protective Order creates no entitlement to file confidential information under seal; Central District Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

/ / /

/ / /

## 2.    DEFINITIONS

2.1    <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3    <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>:  extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non- party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6    <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7    <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

2.8    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9    <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    <u>House Counsel</u>:  attorneys who are employees of a Party.

/ / /

2.11    Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.12    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.    DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.    DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for

1  protection only those parts of material, documents, items, or oral or written

2  communications that qualify – so that other portions of the material, documents,

3  items, or communications for which protection is not warranted are not swept

4  unjustifiably within the ambit of this Order.

5         Mass, indiscriminate, or routinized designations are prohibited.

6  Designations that are shown to be clearly unjustified, or that have been made for an

7  improper purpose (e.g., to unnecessarily encumber or retard the case development

8  process, or to impose unnecessary expenses and burdens on other parties), expose the

9  Designating Party to sanctions.

10         If it comes to a Party's or a non-party's attention that information or

11  items that it designated for protection do not qualify for protection at all, or do not

12  qualify for the level of protection initially asserted, that Party or non-party must

13  promptly notify all other parties that it is withdrawing the mistaken designation.

14         5.2 <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

15  this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise

16  ordered, material that qualifies for protection under this Order must be clearly so

17  designated before the material is disclosed or produced.

18         Designation in conformity with this Order requires:

19         (a) <u>for information in documentary form</u> (apart from transcripts of

20  depositions or other pretrial or trial proceedings), that the Producing Party affix the

21  legend "CONFIDENTIAL" or  **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES**

22  **ONLY"** at the top of each page that contains protected material.  If only a portion or

23  portions of the material on a page qualifies for protection, the Producing Party also

24  must clearly identify the protected portion(s) (e.g., by making appropriate markings in

25  the margins) and must specify, for each portion, the level of protection being asserted

26  (either "CONFIDENTIAL" or **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES**

27  **ONLY"**).

28  / / /

1           A Party or non-party that makes original documents or materials

2   available for inspection need not designate them for protection until after the

3   inspecting Party has indicated which material it would like copied and produced.

4   During the inspection and before the designation, all of the material made available

5   for inspection shall be deemed **"HIGHLY CONFIDENTIAL –ATTORNEYS' EYES**

6   **ONLY."**  After the inspecting Party has identified the documents it wants copied and

7   produced, the Producing Party must determine which documents, or portions thereof,

8   qualify for protection under this Order, then, before producing the specified

9   documents, the Producing Party must affix the appropriate legend

10   ("CONFIDENTIAL" or **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES**

11   **ONLY"**) at the top of each page that contains Protected Material.  If only a portion or

12   portions of the material on a page qualifies for protection, the Producing Party also

13   must clearly identify the protected portion(s) (e.g., by making appropriate markings in

14   the margins) and must specify, for each portion, the level of protection being asserted

15   (either "CONFIDENTIAL" or **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES**

16   **ONLY"**).

17           (b) <u>for testimony given in discovery proceedings</u>, that the Party or

18   non-party offering or sponsoring the testimony identify on the record, before the close

19   of the deposition, hearing, or other proceeding, all protected testimony, and further

20   specify any portions of the testimony that qualify as  **"HIGHLY CONFIDENTIAL –**

21   **ATTORNEYS' EYES ONLY."**  When it is impractical to identify separately each

22   portion of testimony that is entitled to protection, and when it appears that substantial

23   portions of the testimony may qualify for protection, the Party or non-party that

24   sponsors, offers, or gives the testimony may invoke on the record (before the

25   deposition or proceeding is concluded) a right to have up to 25 days after the reporter's

26   preparation of the transcript to identify the specific portions of the testimony as to

27   which protection is sought and to specify the level of protection being asserted

28   ("CONFIDENTIAL" or **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES**

1  ONLY").  Only those portions of the testimony that are appropriately designated for
2  protection within those 25 days shall be covered by the provisions of this Protective
3  Order.

4  Transcript pages containing Protected Material must be separately
5  bound by the court reporter, who must affix to the top of the first page the legend
6  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
7  ONLY," as instructed by the Party or non-party offering or sponsoring the witness or
8  presenting the testimony.

9  Testimony provided at pretrial or trial proceedings will be taken up
10  with the presiding judicial officer at the appropriate time how confidential materials
11  will be handled in those proceedings. This protective order will only apply to
12  discovery proceedings.

13  (c) <u>for information produced in some form other than</u>
14  <u>documentary, and for any other tangible items</u>, that the Producing Party affix in a
15  prominent place on the exterior of the container or containers in which the information
16  or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
17  ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant
18  protection, the Producing Party, to the extent practicable, shall identify the protected
19  portions, specifying whether they qualify as "Confidential" or as "Highly Confidential
20  – Attorneys' Eyes Only."

21  5.3 <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent
22  failure to designate qualified information or items as "Confidential" or  "Highly
23  Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating
24  Party's right to secure protection under this Order for such material.  If material is
25  appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes
26  Only" after the material was initially produced, the Receiving Party, on timely
27  notification of the designation, must make reasonable efforts to assure that the
28  material is treated in accordance with the provisions of this Order.

1    6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

2        6.1    Timing of Challenges.  Unless a prompt challenge to a

3    Designating Party's confidentiality designation is necessary to avoid foreseeable

4    substantial unfairness, unnecessary  economic burdens, or a later significant disruption

5    or delay of the litigation, a Party does not waive its right to challenge a confidentiality

6    designation by electing not to mount a challenge promptly after the original

7    designation is disclosed.

8        6.2    Meet and Confer.  A Party that elects to initiate a challenge to a

9    Designating Party's confidentiality designation must do so in good faith and must

10   begin the process by conferring with counsel for the Designating Party regarding each

11   disputed designation.  In conferring, the challenging Party must explain the basis for

12   its belief that the confidentiality designation was not proper and must give the

13   Designating Party an opportunity to review the designated material, to reconsider the

14   circumstances, and if no change in designation is offered, to explain the basis for the

15   chosen designation.  A challenging Party may proceed to the next stage of the

16   challenge process only if it has first engaged in this meet and confer process, which

17   may initially involve written communication, but must, before proceeding to the next

18   stage of the challenge process, involve some form of direct voice-to-voice dialogue

19   either in person or over the telephone. The parties must comply with Local Rule 37

20   before filing any discovery motion, to the extent possible, under this section.

21       6.3    Judicial Intervention.  A Party that elects to press a challenge to a

22   confidentiality designation after considering the justification offered by the

23   Designating Party may file and serve a motion in accordance with the appropriate

24   local rules that identifies the challenged material and sets forth in detail the basis for

25   the challenge.  Each such motion must be accompanied by a competent declaration

26   that affirms that the movant has complied with the meet and confer requirements

27   imposed in paragraph 6.2 hereof and that sets forth with specificity the justification for

28

1    the confidentiality designation that was given by the Designating Party in the meet

2    and confer process.

3            The burden of persuasion in any such challenge proceeding shall be on

4    the Designating Party.  Until the court rules on the challenge, all parties shall continue

5    to afford the material in question the level of protection to which it is entitled under

6    the Producing Party's designation. The parties must comply with Local Rule 37 before

7    filing any discovery motion, to the extent possible, under this section.

8        7.    ACCESS TO AND USE OF PROTECTED MATERIAL

9            7.1    Basic Principles.  A Receiving Party may use Protected Material

10   that is disclosed or produced by another Party or by a non-party in connection with

11   this case only for prosecuting, defending, or attempting to settle this litigation.  Such

12   Protected Material may be disclosed only to the categories of persons and under the

13   conditions described in this Order.  When the litigation has been terminated, a

14   Receiving Party must comply with the provisions of section 11, below (FINAL

15   DISPOSITION).

16           Protected Material must be stored and maintained by a Receiving Party at

17   a location and in a secure manner that ensures that access is limited to the persons

18   authorized under this Order.

19           7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

20   otherwise ordered by the Court or permitted in writing by the Designating Party, a

21   Receiving Party may disclose any information or item designated CONFIDENTIAL

22   only to:

23           (a) the Receiving Party's Outside Counsel of record in this action,

24   as well as employees of said Counsel to whom it is reasonably necessary to disclose

25   the information for this litigation;

26           (b) the officers, directors, and employees (including House

27   Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

1  litigation and who have signed the "Agreement to Be Bound by Protective Order"

2  (Exhibit A);

3           (c) Experts (as defined in this Order) of the Receiving Party to

4  whom disclosure is reasonably necessary for this litigation and who have signed the

5  "Agreement to Be Bound by Protective Order" (Exhibit A);

6           (d) the Court and its personnel;

7           (e) court reporters, their staffs, and professional vendors to whom

8  disclosure is reasonably necessary for this litigation and who have signed the

9  "Agreement to Be Bound by Protective Order" (Exhibit A);

10           (f) during their depositions, witnesses in the action to whom

11  disclosure is reasonably necessary and who have signed the "Agreement to Be Bound

12  by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or

13  exhibits to depositions that reveal Protected Material must be separately bound by the

14  court reporter and may not be disclosed to anyone except as permitted under this

15  Protective Order;

16           (g) the author of the document or the original source of the

17  information, as well as persons who received or likely received a copy of the

18  document.

19       7.3   Disclosure of **"HIGHLY CONFIDENTIAL – ATTORNEYS'**

20  **EYES ONLY" Information or Items**.  Unless otherwise ordered by the court or

21  permitted in writing by the Designating Party, a Receiving Party may disclose any

22  information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

23  ONLY" only to:

24           (a) the Receiving Party's Outside Counsel of record in this action,

25  as well as employees of said Counsel to whom it is reasonably necessary to disclose

26  the information for this litigation;

27  / / /

28  / / /

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(e) the author of the document or the original source of the information, as well as persons who received or likely received a copy of the document.

7.4    Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to "Experts"

(a) Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the specific HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years. Notwithstanding the foregoing, a Party that seeks to make such a disclosure to an

1   Expert that is an attorney shall not be required to comply with the foregoing

2   requirements (5) and (6) of this paragraph.

3            (b) A Party that makes a request and provides the information

4   specified in the preceding paragraph may disclose the subject Protected Material to the

5   identified Expert unless, within seven court days of delivering the request, the Party

6   receives a written objection from the Designating Party.  Any such objection must set

7   forth in detail the grounds on which it is based.

8            (c) A Party that receives a timely written objection must meet and

9   confer with the Designating Party (through direct voice-to-voice dialogue) to try to

10  resolve the matter by  agreement.  If no agreement is reached, the Party seeking to

11  make the disclosure to the Expert may file a motion in accordance with the

12  appropriate local rules seeking permission from the Court to do so.  Any such motion

13  must describe the circumstances with specificity, set forth in detail the reasons for

14  which the disclosure to the Expert is reasonably necessary, assess the risk of harm that

15  the disclosure would entail and suggest any additional means that might be used to

16  reduce that risk.  In addition, any such motion must be accompanied by a competent

17  declaration in which the movant describes the parties' efforts to resolve the matter by

18  agreement (i.e., the extent and the content of the meet and confer discussions) and sets

19  forth the reasons advanced by the Designating Party for its refusal to approve the

20  disclosure. The parties must comply with Local Rule 37 before filing any discovery

21  motion, to the extent possible, under this section.

22           In any such proceeding the Party opposing disclosure to the Expert

23  shall bear the burden of proving that the risk of harm that the disclosure would entail

24  (under the safeguards proposed) outweighs the Receiving Party's need to disclose the

25  Protected Material to its Expert.

26

27

28

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request

such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 10.    FILING PROTECTED MATERIAL.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Central District Civil Local Rule 79-5.

### 11.    FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification  to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, discovery requests, responses to discovery requests, transcripts, legal memoranda, correspondence, attorney work product, and expert reports, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in section 4 (DURATION), above.

/ / /

12.    <u>MISCELLANEOUS</u>

12.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    <u>Right to Assert Other Objections</u>.  By entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**IT IS SO  , THROUGH COUNSEL OF RECORD**.

DATED: June 3, 2014                          MUSICK, PEELER & GARRETT LLP


                                              By:  /s/ Reid E. Dammann
                                                   Reid E. Dammann
                                                   Attorneys for IP Power Holdings Limited,
                                                   LTD.

## <u>ORDER</u>

**IT IS SO ORDERED.**

DATED: June 4, 2014



_____

Honorable Jean P. Rosenbluth
United States Magistrate Judge

899966.1

Case No. SACV 11-1234-JVS (JPRx)

16     **AMENDED [PROPOSED] PROTECTIVE ORDER**

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name],

of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case of *IP Power Holdings Limited, Ltd. v. Bam Brokerage, Inc.* Case No. SACV 11-1234-JVS (JPRx). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name:
                    [printed name]

Signature:
                    [signature]

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is One Wilshire Boulevard, Suite 2000, Los Angeles, California 90017-3383.

On June 3, 2014, I served true copies of the following document(s) described as **AMENDED [PROPOSED] PROTECTIVE ORDER** on the interested parties in this action as follows:

> Mr. Brian Horowitz
> c/o Bam Brokerage, Inc.
> 26741 Portola Parkway No. 525
> Foothill Ranch, California 92610

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Musick, Peeler & Garrett LLP's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 3, 2014, at Los Angeles, California.

_____
Jennifer L. Turgeon